UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Criminal No. 13-CR-20001

vs.                                      HON. BERNARD A. FRIEDMAN

WALANDO KENNEY,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 36]. The government has filed a response in opposition and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, a detainee at FCI Hazelton in Bruceton Mills, West Virginia, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because of the prevalence of the

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed

Coronavirus within BOP facilities and FCI Hazelton in particular.  Def.'s Mot. at 3-4.  The government opposes the motion on the grounds that, due to petitioner's extensive criminal history, he does not fall within the narrow category of individuals eligible for compassionate release under § 3582(c)(1)(A), nor would his release be advisable under the factors in 18 U.S.C. § 3553(a).  Pl.'s Resp. at 2.

The Sixth Circuit recently clarified that "sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry . . . ."  *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *1 (6th Cir. Nov. 20, 2020).

> At step one, a court must "find[]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).  At step two, a court must "find[]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A) (emphasis added). . . At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id.*

*Id.* at *6 (footnote omitted).  In emphasizing the need to align with "*applicable* policy statements," the Sixth Circuit went on to explain that "where incarcerated persons file motions for compassionate release [as opposed to Bureau of Prisoner (BOP)-filed motions], federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13."  *Id.* at *9.

The Court has considered these factors and concludes that compassionate release

---

the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)  extraordinary and compelling reasons warrant such a reduction . . . .

would not be appropriate in this case.  First, while defendant does not emphasize this point himself, the Court is aware that his underlying health condition – obesity (BMI 32.7) – increases his risk of severe illness from COVID-19, according to the Centers for Disease Control and Prevention.  *See* https://www.cdc.gov/coronavirus/ (last visited Dec. 7, 2020).  However, defendant has not shown that his risk of exposure at FCI Hazelton is unacceptably high.  The BOP currently reports that only three inmates at FCI Hazelton are infected.  *See* https://www.bop.gov/coronavirus (last visited Dec. 7, 2020).  In its response brief, the government notes that the BOP has taken significant steps to minimize the spread of the virus at all BOP facilities and that, since the start of the pandemic, it has reduced the prison population by granting home confinement to at least 7,766 inmates nationwide, Pl.'s Resp. at 8 – a number that continues to increase.  *See* https://www.bop.gov/coronavirus/faq.jsp (last visited Dec. 7, 2020).  The Sixth Circuit has acknowledged these efforts.  *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020).

This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release.").

Additionally, defendant's extensive criminal history, and the seriousness of the offense for which he was sentenced in this case, demonstrate that he would be a danger to the community if released.  Section 3582(c)(1)(A) specifically limits compassionate release to

3

defendants who are "not a danger to any other person or the community."  "An evaluation of dangerousness in this context requires a comprehensive view of community safety – a broader construction than the mere danger of physical violence."  *United States v. Smith*, No. 14-cr-20814, 2020 WL 5071176, at *2 (E.D. Mich. Aug. 26, 2020) (internal quotations and citations omitted).  The Court sentenced defendant on May 21, 2013, to a ninety-two-month prison term,[2] pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to possession with intent to distribute 100 grams or more of heroin.[3]  This Court has previously held that a defendant, though not charged with a violent offense, may still be deemed a danger to the community based on drug trafficking charges.  *See United States v. Knight*, No. 15-cr-20283, 2020 WL 2055987, at *3 (E.D. Mich. June 9, 2020) (citing *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (noting that the Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without indication that the defendant has engaged in violence").

Finally, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."  *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020).  In the present case,

---

[2] The Court later lowered defendant's sentence to seventy-seven months in accord with retroactive amendments to the sentencing guidelines.  *See* docket entry 31.

[3] The factual basis for defendant's guilty plea is set forth in the plea agreement at paragraph 1C as follows:

> On or about October 18, 2012, in the Eastern District of Michigan, Defendant Walando Kenney, a.k.a. Robert Petress, was the sole driver of a rental vehicle containing 4,264 individually wrapped packets of heroin.  The net weight of the heroin was approximately 189 grams.  Defendant knew the aforementioned heroin was inside the vehicle, and he intended to distribute it.

even assuming the pandemic constitutes an extraordinary and compelling circumstance under § 3582(c)(1)(A)(i), the Court finds that compassionate release would be inappropriate.  As the government emphasizes, defendant has an extensive criminal history, with over one dozen felony convictions that "span over 30 years of his adult life."  Pl.'s Resp. at 1.  These offenses include the instant heroin charge, a weapons offense, and various counts related to motor vehicle theft, among others.  When making sentencing determinations, courts are required to consider "the history and characteristics of the defendant"; § 3553(a)(1), as well as "the need for the sentence imposed" "to promote respect for the law," "afford adequate deterrence to criminal conduct," and " protect the public from further crimes of the defendant." § 3553(a)(2)(A)-(C).  The Court finds that defendant's criminal history and pattern of recidivism weigh strongly against early release given the sentencing objectives outlined in § 3553(a).  *See also Ruffin*, 978 F.3d at 1009 (affirming the denial of defendant's motion for compassionate release due to, among other reasons, his "long list of crimes, including his weapons and theft convictions").  Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.


s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: December 9, 2020
       Detroit, Michigan

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 9, 2020.

Walando Kenney, #47752-039                s/Johnetta M. Curry-Williams
Hazelton U.s. Penitentiary                Case Manager
Inmate Mail/Parcels
P.O. Box 5000
Bruceton Mills, WV 26525